IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CLARENCE A. STOKES, | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | CASE NO.: 1:23-cv-00039-HAB-SLC |
| | ) | |
| COMMUNITY TRANSPORTATION | ) | |
| NETWORK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION

Comes now Defendant, Community Transportation Network, Inc., by counsel, and files its Response in Opposition to Plaintiff's Motion—which seeks an extension to the already closed deadline for Plaintiff to seek leave to amend his Complaint without providing any reason to do so—as follows.

1.    This lawsuit began on January 4, 2023, when Plaintiff filed a Complaint in State Court, and Defendant removed the case to this Court on January 26, 2023.[1] (Doc. 1).

2.    On March 7, 2023, the Court entered a Scheduling Order (Doc. 14) setting the following deadlines:

  a. The deadline for the parties to exchange initial disclosures was April 14, 2023;

  b. **The last date for Plaintiff to seek leave of Court to amend the pleadings was May 5, 2023;**

  c. The last date for Defendant to seek leave of Court to amend the pleadings was June 5, 2023;

  d. The deadline for Plaintiff to serve reports from retained experts was October

---

[1] It is noted that litigation of Plaintiff's claims, however, began even earlier during the administration process for his charge of discrimination filed in the summer of 2022.

18, 2023;

e. The deadline for Defendant to serve reports from retained experts was November 18, 2023;

f. The deadline to complete fact and expert discovery is January 15, 2024; and

g. The deadline to file any dispositive motions is March 15, 2024.

3. Plaintiff was represented by Attorney Jennifer Hitchcock from the time the case was filed until the Court granted Attorney Hitchcock's Motion to Withdraw[2] on October 24, 2023. (Doc. 21).

4. On December 8, 2023, Attorney David Boyer, II appeared on behalf of Plaintiff. (Doc. 24).

5. Also on December 8, 2023, Plaintiff filed a Motion (Doc. 25) ("Plaintiff's Motion), which asks the Court to extend the deadline for Plaintiff to amend the pleadings by 30 days.

6. Plaintiff's Motion does not acknowledge that his deadline to seek leave to amend **expired over 7 months ago and provides no basis to reopen this long-closed deadline**.  Instead, in support of his motion, it is stated that Attorney Boyer had trials and mediation scheduled through November and December of 2023 and "needs an additional thirty (30) days to review the case and to amend said pleadings if necessary".

7. Plaintiff's new counsel *may want to amend* the Complaint that was originally filed nearly a year ago is not a sufficient basis to reopen a closed deadline.  Rule 6 of the Federal Rules of Civil Procedure states that a court may grant a motion to reopen a closed deadline only if "the party failed to act because of excusable neglect." F.R.C.P. 6(b)(1)(B).  When evaluating a claim of excusable neglect, courts should consider the danger of prejudice, the length of the delay and

---

[2] This Motion was opposed by Clarence Stokes. He had no complaint about Ms. Hitchcock's handling of the case.

its impact on judicial proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer  Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, at 395. Thin and unsupported excuses do not demonstrate excusable neglect. *Lapsley v. Fries*, 2012 U.S. Dist. LEXIS 94290, 2012 WL 2721909, at *4 (N.D. Ind. July 9, 2012). "[I]t is widely accepted that neglect due to a busy schedule is not excusable." *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006).

8.      The deadline for Plaintiff to seek leave to amend his Complaint was May 5, 2023. Plaintiff did not seek leave to file an Amended Complaint before that deadline passed.  The parties have litigated Plaintiff's Complaint and discovery is set to close in approximately 1 month— January 15, 2024. As Plaintiff has failed to show that there is any new fact or circumstance not known to prior counsel throughout this litigation, or any other basis to demonstrate that it would be proper for Plaintiff to be permitted to seek leave to amend his Complaint at this stage in the litigation, Plaintiff has failed to demonstrate that there is an appropriate basis to reopen the deadline for Plaintiff to seek leave to amend his Complaint and Plaintiff's Motion should be denied

WHERFORE, Defendant, Community Transportation Network, Inc., by counsel, respectfully requests the Court deny Plaintiff's Motion and grant all other just and proper relief.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP

/s/ *Michelle K. Floyd*
Michelle K. Floyd, Attorney #29249-02
803 S. Calhoun Street, Suite 900
Fort Wayne, IN  46802
Telephone: (260) 423-1311
ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to any CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants.

R. David Boyer II
**BOYER & BOYER**
110 W Berry St., Suite 1910
Fort Wayne IN 46802


/s/ *Michelle K. Floyd*
Michelle K. Floyd