UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLARENCE A. STOKES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Cause No. 1:23-CV-39-HAB |
| COMMUNITY TRANSPORTATION NETWORK, INC., | ) ) ) ) |
|     Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff Clarence A. Stokes ("Stokes") was a bus driver for Defendant Community Transportation Network, Inc. ("CTN") for almost four years. He was fired after CTN claimed that he dropped a special needs passenger at the wrong address. Stokes believed that the true reason for the termination was his age and his prior complaints of age-related pay discrepancies, so he sued CTN in state court. (ECF No. 2). CTN removed the case and has now moved for summary judgment. (ECF No. 35). That motion is now fully briefed (ECF Nos. 43, 50) and ready for ruling.

**I.  Procedural Motions**

Before addressing the merits, the Court must first address various procedural motions the parties filed. Stokes has moved to strike portions of CTN's Statement of Material Facts and supporting affidavits, arguing that they are "based on hearsay." (ECF No. 40). CTN, in turn, has moved to strike Stokes' summary judgment response as untimely (ECF No. 46) and has further moved to strike portions of Stokes' designated affidavit under the sham affidavit rule. (ECF No. 47). Stokes has not responded to either of CTN's motions to strike.

Stokes' motion first. It is true that a court may not consider inadmissible hearsay when ruling on a summary judgment motion. *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016). But

it is also true that evidence need not be submitted in admissible form so long as it can be made admissible at trial. *Id*. The Court has always understood these two standards to allow hearsay evidence at the summary judgment stage so long as that evidence could be introduced at trial through non-hearsay means.

But all that assumes, incorrectly, that Stokes properly preserved his hearsay objections. As CTN notes, Stokes' motion to strike is merely a list of passages which, in conclusory fashion, he asserts are "based on hearsay and should be stricken." This is not enough. The failure to articulate *why* a statement is hearsay—to develop the hearsay argument—"is enough to dispense with it." *Torry v. City of Chi.*, 932 F.3d 579, 585 (7th Cir. 2019). So it is here. Stokes' arguments are undeveloped, and the Court rejects them out of hand.

CTN's motions are a different matter. Stokes' summary judgment filings are a masterclass in violating this Court's rules. He has violated nearly all the Court's Local Rules relating to summary judgment, including N.D. Ind. L.R. 56-1(b) (setting a 28-day response deadline), 56-1(b)(2) (establishing the requirements for a Response to Statement of Material Facts), 56-1(e) (requiring citations to the record), and 56-1(f) (requiring disputes about admissibility to be presented in the briefs and not in a separate motion). The Court would be well-within its discretion to strike the entirety of Stokes' response for these violations. *Curtis v. Costco Wholesale Corp*., 807 F.3d 215, 218-19 (7th Cir. 2015) (district court has discretion to require strict compliance with local rules).

And CTN is correct about the substance of Stokes' filings. The rule against sham affidavits provides that an affidavit is inadmissible when it contradicts the affiant's previous sworn testimony unless the earlier testimony was ambiguous, confusing, or the result of a memory lapse. *See*, *e.g.*, *Cook v. O'Neill*, 803 F.3d 296, 298 (7th Cir. 2015). The rule is designed to avoid sham factual

issues and prevent parties from taking back concessions that later prove ill-advised. *United States v. Funds in the Amount of $271,080*, 816 F.3d 903, 907 (7th Cir. 2016). The Seventh Circuit has emphasized that the rule is to be used with "great caution." *Id*. Thus, where the change is plausible or the party offers a suitable explanation for the change, the changes in testimony go to the witness' credibility rather than admissibility. *Id*.

As CTN argues, Stokes gives two very different explanations for the event that got him fired, one in his deposition and one in his summary judgment affidavit. (*See* ECF No. 48 at 1-4). Stokes has not responded to CTN's motion, so he has provided no suitable explanation for the changes. Much of Stokes' affidavit, then, is properly stricken.

But all that said, it is also true that nothing in Stokes' affidavit saves his claim. To the contrary, as CTN argues, and as will be discussed further below, Stokes' affidavit defeats his claim by identifying a non-age-related reason for his firing. So to limit the appellate issues should this case be heard in Chicago, the Court will deny all motions to strike and proceed with a clean review of the merits.

**II.      Factual Background**

Stokes, 82 years old at the time of his firing, was hired by CTN as a non-CDL driver in October 2018. Other than a COVID-related furlough, he remained in that position until June 2022. In that role, Stokes provided transportation to seniors, persons with disabilities, low-income families, children, and the agencies that support these individuals.

Each driver is provided with a tablet containing a daily "trip manifest." The trip manifest contains all up-to-date information for CTN's clients, including addresses and times for pick up and drop off, client-specific instructions, and other details necessary for the day. Drivers were expected to follow the trip manifests as part of the essential functions of their jobs.

On June 6, 2022, one of CTN's clients, C.E., was dropped off at the wrong address by a CTN driver, Karmika Eldridge ("Eldridge"). CTN considered this error a violation of protocol that created a serious risk to the safety of C.E. Eldridge, who was 34 years old at the time, was fired that same day.

The next day, C.E. was assigned to Stokes by his supervisor, Jessica Smith ("Smith"). Because of the prior day's issues, Smith emphasized to Stokes that it was important that C.E. be dropped off at the workplace of C.E.'s father, and not at C.E.'s home. This information was put into Stokes' daily trip manifest, and Stokes confirmed his understanding. Stokes again confirmed the drop off location when he picked up C.E. at Mapleseed, a local social services agency. Yet Stokes dropped off C.E. at C.E.'s home, a fact discovered only by happenstance when C.E.'s mother drove by and saw Stokes' bus at her home. Like Eldridge, Stokes was fired that same day.

Stokes tells a different story in his affidavit. He says that, when he picked up C.E., he spoke to C.E.'s family. The family instructed Stokes to drop off C.E. at C.E.'s home, which Stokes did. Stokes claims that C.E.'s mother was there at drop off and had no concerns.

So why does Stokes believe he was fired? Not because of his age, apparently. Instead, Stokes claims that he loaned money to Smith and, after the loan, "Smith then developed natured of adverse to me and my interest." (ECF No. 42 at 1) (all sic). So after the event with C.E., "[t]he staff had a resentment toward [Stokes] based on the loan of money to Ms. Smith, money owed to [Stokes] and this impacted their decision not to do a full review of the facts of the case." (*Id*. at 2) (all sic).

4

### III. Legal Analysis

#### A. *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is not enough to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). And a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**B.    *CTN is Entitled to Summary Judgment on Stokes ADEA Claim***

Although Stokes' complaint raises several claims, including an age-related pay claim and an ADEA-related retaliation claim, the Court understands Stokes' summary judgment response to contest only CTN's motion on his ADEA discrimination claim related to his firing. He agrees that "some counts should be rendered to the Defendant," but argues that summary judgment "should be denied as to Discrimination and Stokes is a 33 year on going whistle blower." (ECF No. 43 at 3) (all sic).

The ADEA makes it unlawful for employers to take adverse employment actions against employees who are 40 years old or older because of their age. 29 U.S.C. §§ 623(a), 631(a). Liability in a disparate treatment case "depends on whether the protected trait (under the ADEA, age) *actually motivated* the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (emphasis added). Thus, to prevail on a disparate treatment claim under the ADEA, a plaintiff must "prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

In *Ortiz v. Werner Enterprises*, 834 F.3d 760, 765 (7th Cir. 2016), the Seventh Circuit clarified that the proper way to assess a disparate treatment claim at the summary judgment stage is to ask whether the admissible evidence, considered as a whole, "would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." The familiar *McDonnell Douglas* burden-shifting framework remains a valid method of organizing and assessing circumstantial evidence of employment discrimination. *David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017). To make out a prima facie case of discrimination under the *McDonnell Douglas* framework, Plaintiff must offer evidence that (1) he is a member of a

6

protected class, (2) he was meeting the employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside his protected class were treated more favorably (or, in an age discrimination case, that he was replaced by someone substantially younger). *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Then, the burden shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for its actions. *Carson v. Lake County*, 865 F.3d 526, 533 (7th Cir. 2017). If the employer provides such an explanation, the burden shifts back to the plaintiff to submit evidence that the explanation is pretextual. *Id*. No matter if the plaintiff chooses to proceed under the *McDonnell Douglas* method of proof, "at the summary judgment stage the court must consider all admissible evidence to decide whether a reasonable jury could find that the plaintiff suffered an adverse action because of her age." *Id*.

The problem for Stokes is that he has designated no evidence at all that would suggest, much less allow a reasonable jury to conclude, that his firing had anything to do with his age. Neither Stokes' affidavit, nor his rule-violating Statement of Disputed Facts, mentions his age. Neither identifies any animus by CTN or its employees based on his age. And neither posits that his age was a factor, to say nothing of the but-for cause, of his firing. Instead, Stokes repeatedly identifies the loan to Smith, and the resulting ill-will toward him, as the reason for his firing.

Maybe Stokes is right. Maybe the C.E. event was little more than a convenient excuse for Smith to get rid of an employee to whom she owed money. But that doesn't give Stokes an ADEA claim any more than if his firing were due to his race or religion. *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 761 (7th Cir. 2022). Stokes has failed to designate any evidence that would allow a reasonable jury to find that his age was the but-for cause of his termination, so summary judgment in CTN's favor is appropriate.

**III.    Conclusion**

For these reasons, CTN's motion for summary judgment (ECF No. 35) is GRANTED. The Clerk is DIRECTED to entry judgment for CTN and against Stokes.

SO ORDERED on January 6, 2025.

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT JUDGE